## Starne Coal Co. v. Ryan.

1. *Verdict Against the Weight of Testimony.*—Where the evidence fails to show that the injury in question was occasioned by the failure of the defendant to discharge its duty toward the plaintiff as an employe in respect to matters alleged in the declaration, there can be no recovery.

Memorandum.—Action for personal injuries. Appeal from a judgment in favor of the plaintiff rendered by the Circuit Court of Sangamon County; the Hon. JAMES H. CREIGHTON, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892. Opinion filed October 17, 1892.

The opinion states the case.

PALMERS & SHUTT, attorneys for appellant.

ORENDORFF & PATTON, attorneys for appellee.

OPINION OF THE COURT, *The Hon. Carroll C. Boggs, Judge.*
The appellee, while in the employ of the appellant company as a driver of coal cars on a track in its mine, was thrown from a car and injured. This is an appeal from a judgment in his favor because of such injuries.

The declaration contained three counts, the gravamen of

the charge in each being that the appellant company negligently suffered a portion of the track of its road in the mine to become and remain in bad and unsafe repair and condition, and that by reason thereof the car upon which appellee was riding and driving left the track, causing the injuries complained of. It is not contended, either in the pleading, argument or proof, that the original construction of the track was defective or faulty, but the sole charge is an alleged failure to keep and maintain it in a good and safe condition.

The injury was received at a point where the track passed upon a somewhat descending grade through a rather dark entry. The appellee was driving a mule attached to a train of three cars, upon the front one of which he was riding. He came down the track at a rather rapid rate, the mule according to the testimony being in a "lope," when the car "jumped" the track and threw him against one of the props of the mine. He had been employed as a driver in this mine for some ten months and had been driving through the entry in which he was hurt for three weeks, during which time he passed and repassed frequently over the place where he was hurt, often passing there as he testifies fifteen to twenty times per day.

On the day that he was hurt he began work at 7:30 in the morning, passed the place in question seven times, and was passing it for the eighth time when the accident occurred.

His testimony is that he observed nothing wrong with the track during any of the trips prior to the last one, and he thinks there was nothing wrong before that; that the car jumped the track because the end of one of the rails of the track was turned in at the joint; that it could not have been in that condition when he passed there on the preceding trips, nor when another driver passed down over it in advance of him or that driver would have been thrown off. If this be correct, the displacement of the rail was such a sudden occurrence that a right of recovery could not be placed upon the idea that the appellant company should have discovered and remedied it in the short time which elapsed

between the trips made by the appellee. If a right of re-
covery exists it must be based upon some negligence of the
appellant company by reason whereof the rail was displaced
or not retained in its place.

The appellee contends that the tie, upon which the rail
rested and to which it ought have been securely nailed, was
defective and insufficient to hold the nails or the rail, and
for that reason the rail was moved from its place at the end
where it should join with the next rail. To support this
contention and as the only evidence in its support the ap-
pellee sought to show that, immediately after he was injured
and before the cars from which he fell were moved, a new
tie was placed in the track.·

From this, if true, it might reasonably be inferred that
the track was unsafe with the ties already there, and that
another tie was necessary to put the track in good and safe
condition for use.

Upon this point, in behalf of the appellee, J. R. Burns tes-
tified that he saw Michael Lynch, appellant's road-master,
putting a tie in the track immediately in the rear of the
car that left the track, before such car was moved after the
accident; and Michael Laudregan, also a witness for the
appellee, testified that he saw Lynch there at the time with
a tie in his hands and that he seemed to be working at the
track. This was all the testimony favorable to the appellee
on this point.

Lynch testified that he went at once to the place of the
accident, found two cars off the track, replaced them, ex-
amined the track and the iron rails carefully to see that
they were safe for use, and found them in good condition;
that he had a wooden gauge used for ascertaining whether
the track is level, and that he and Michael Hickey, who
was assisting him, placed this gauge upon the track to see
that it was level; that he had no tie there; did not find it
necessary to use one, and did not use one; that the rail was
not bent nor turned in at the joint, but that the track was
in good and safe condition for use, and they began at once
and continued hauling cars over it after the accident as be-
fore.

John Hickey, a coal miner, stated, as a witness, that he was with Lynch, assisting in the work, and remained with him until the cars were running again over the track; that he examined the track and the rails, testing the rail carefully with a hammer; that there was nothing wrong with either; that he and Lynch gauged the track and found it level; that no tie was removed, nor was a tie put in the track; that it was not necessary to put one in. That the cars were hoisted on the track and the track at once used for the passage of cars as before.

George Courdice, engineer of the mine, and Comack Cunningham, official state inspector of mines, officially examined the track at the place in question the next day after the appellee was injured. Both testified that the track and the rails were in good and safe condition; that they saw nothing to indicate that a tie had been placed in the track, and that if such had been done indications of the work would have been found; that there were no such indications. Both join in the opinion that no tie had been placed in the track.

The state inspector, with a lamp and hammer, examined carefully the rail and spikes by which it was attached to the ties, and could find nothing indicating that any change whatever had been made in the track, the rail or the ties.

We do not think that, under this evidence, the jury were warranted in finding that a tie was placed in the track, as claimed. Such a conclusion seems to us to be manifestly against the greater weight of the testimony.

It would appear more reasonable to conclude that Burns, in the darkness prevailing in the entry, mistook for a tie the gauge which Lynch and Hickey were using, than to conclude that both Lynch and Hickey willfully and knowingly testified falsely, and that they did break the ground and place a tie in the track, in such manner as to leave no discernible trace of the work.

If this view is correct, the evidence fails to show that the injury received by the appellee was occasioned by the failure of the appellant company to discharge its duty toward

the appellee as its employe in the respect charged in the declaration. In the absence of such proof there can be no recovery.

We do not think the instructions given by the court for the appellee open to the objection urged against them, but think appellant's motion for a new trial should have been granted for the reasons indicated. The judgment must be reversed and the cause remanded.